IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-13-66-HE |
| | ) | |
| BRYAN SCOTT MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

The United States by Timothy J. Downing, United States Attorney for the Western District of Oklahoma, through Danielle M. Connolly, Assistant United States Attorney, opposes Defendant's *pro se* Motion seeking early termination of his supervised release (Doc. 57). The Government respectfully requests that this Court deny Defendant's Motion.

## BACKGROUND

Bryan Scott Miller was initially charged on September 21, 2013, by criminal complaint in the Western District of Oklahoma with two counts each of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and being a felon in possession of firearms in violation of 18 U.S.C § 922(g)(1). Doc. 1. He was subsequently charged in a two-count information filed on March 29, 2013, with a single count each of distribution of cocaine and being a felon in possession of a firearm. Doc. 13. Although his Guideline range at sentencing was 151-188 months per his assigned U.S. Probation Officer, the Court departed

downward and sentenced him to a term of 84 months followed by a three-year term of supervised release.  Doc. 46.

Upon release from the custody of the Bureau of Prisons (BOP), Defendant arrived at the Oklahoma Halfway House (OHH) on April 14, 2018.  Per information provided by U.S. Probation, Defendant admitted to smoking K2 in July 2018, after which he was placed in custody at the Grady County Jail until the commencement of his supervised release on October 17, 2018.  U.S. Probation notes further that Defendant was unemployed from December 10, 2018, until May 2019, but has worked at his family's restaurant during an unspecified period.  Per the same report, Defendant successfully completed counseling and was terminated from mental health counseling on December 10, 2020.

On January 22, 2021, Defendant filed a *pro se* motion for early termination of supervised release, citing "commendable reentry into the community and performance." Doc. 57.  Defendant argues that he "meets the criteria for early termination of supervised release based on his good conduct" under 18 U.S.C. 3583(e).  *Id*.  The Government, joined by U.S. Probation, disagrees.

## STATUTORY CONSIDERATIONS AND ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), this Court may "terminate a term of supervised release and discharge a defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  While the Government confesses than more

than one year has elapsed since Defendant's placement on supervised release, it submits that Defendant's conduct and the interests of justice weigh against the relief he seeks.

First, the law requires that this Court consider the applicable 18 U.S.C. § 3553(a) factors prior to making any determination regarding early release. *See* 18 U.S.C. § 3583(e). Here, the same factors that gave rise to such significant advisory Guidelines based upon Defendant's offense conduct (prior to the reduction for his assistance post-arrest) counsel against early release. Mr. Miller was responsible for the distribution of a substantial quantity of drugs within the Western District of Oklahoma and was in possession of nine separate firearms. Doc. 1. Consideration of the seriousness of Defendant's crimes and the danger he posed to the community confirms that early release is not appropriate.

Second, although Defendant states that he "had minimal special conditions and has fully complied with all of them," per U.S. Probation, he admitted to smoking K2 within months of his release from BOP. Doc 57. Defendant advises in is Motion that upon release, "he immediately retained employment in an effort to begin rebuilding his life back at Alliance Steel," however this statement is in conflict with the information provided by U.S. Probation and Defendant has provided no documentation as to the veracity of his claim. *Id.* He states further that he "has maintained a steady place of residence and employment since being released from incarceration," and that he "has taken several UA's [sic], all of which have indicated negative results and has continuously submitted monthly reports in a timely manner to his Probation Officer." *Id.* While the Government has no information to the contrary, Defendant has not supplemented his Motion with proof of any sort.

Finally, Defendant contends that "[b]eing free of supervised release would allow him greater opportunities to be able to provide a better way of life for his new family." *Id.* Defendant does not expound on this statement, nor does he provide any additional supporting argument or documentation.  The timing of Defendant's request, so close in proximity to the conclusion of his period of supervised release piques the Government's interest, however.  The fact that it coincides with the receipt of information by U.S. Probation that Defendant is under investigation by both the Federal Bureau of Investigation and the Oklahoma City Police Department Homicide Cold Case Unit is of significant concern.  While the Defendant is not currently facing charges, this recent law enforcement contact certainly weighs strongly against early termination of his supervised release.

## CONCLUSION

The Government submits that based upon the criminal conduct that resulted in Defendant's sentence and the factors to be considered pursuant to 18 U.S.C. § 3583(e), early termination of supervised release is not justified in this case.  Based upon the

foregoing, the United States respectfully requests that Mr. Miller's motion for early termination of supervised release be denied.

Respectfully submitted,

TIMOTHY J. DOWNING
United States Attorney

s/ Danielle M. Connolly
DANIELLE M. CONNOLLY, OBA #33148
Assistant United States Attorney
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
Office: (405) 553-8700
Fax: (405) 553-8888
Danielle.Connolly@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that on February 12, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and served it by first-class mail on the following, who is not a registered participant of the ECF System:

Bryan Scott Miller
1804 NE 24th Street
Oklahoma City, Oklahoma 73111

s/ Danielle M. Connolly
Assistant United States Attorney